UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA            :

                                                     :      **OPINION AND ORDER**
   -against-                                       :
                                                    :      (S1) 05 Cr. 857 (LBS)
KENNETH BROWN,                      :

                     Defendants.       :

------------------------------------------------------------x

SAND, J.

Having been convicted after a jury trial of conspiracy to commit wire fraud in connection with a scheme to collect up-front fees for financial services from victims who sought proof of the availability of funds they wanted to invest in "High Yield Investment Programs" (HYIP's), and three counts of wire fraud, Defendant Kenneth Brown now moves for (1) a judgment of acquittal pursuant to F.R. Crim. P. Rule 29 (c) and (2) in the alternative for a new trial pursuant to F.R. Crim. P. 33.

The claims advanced in support of this motion were fully addressed during the trial and lack merit. The evidence in this case consisted in large part of the testimony of an FBI under cover agent who passed as a representative of someone seeking Brown's services, a video showing Brown's efforts to sell his services to the FBI undercover, Brown's post-arrest admissions, and victim testimony. To a significant degree the evidence which amply supported the jury's verdict consisted of statements, many of them recorded, made by the Defendant himself.

The overall scheme which led to the victims to seek Brown's services had two components. The first component was the promotion by co-conspirators of HYIP's which

promised extravagant risk-free returns to investors who had access to large amounts of liquid assets. Having thus created the demand for proof of access to such assets, the victims were then referred to Brown who induced the victims to pay him large up-front fees, which Brown said would be held in escrow, until such time as he provided the victim with "proof of funds" which would enable them to participate in the HYIP's.

    I.    Constructive Amendment

The main thrust of the defense case and the fundamental predicate of Defendant's first claim in this motion is that there was a constructive amendment of the superseding indictment because it contained no alleged misrepresentation by Brown in connection with the HYIP's. The Government's introduction of evidence, through its expert witness, that all HYIP's are fraudulent is claimed by Brown to have been error.

Brown's effort to separate his fraudulent statements and actions from those of the promoters of the HYIP's is unavailing. Bank records showed that Brown paid $50,000 to co-conspirators Gomper and co-conspirator Sheppard who were HYIP promoters and steered two of the victims to Brown within approximately one week after the victims wired Brown their advance fees. TX 349-50; TX 407, 9X 515.

Although Brown never "vouched" for the HYIP's, he falsely told the FBI undercover that he had done similar financing deals in the past and no-one complained (TX 140-141) and told a victim (Roy) that he had done successful HYIP deals in the past (TX 315-19) (374-375). In fact, as Brown well knew no HYIP deals were ever consummated. The jury was not told that Brown was a promoter of HYIP's, but it was a part of the conspiracy alleged in the indictment that he would take advantage of the market that the HYIP promoters created for his

services, would lie about his prior experience with HYIP's and would share with the promoters the advance fees he collected.

The claim that presentation of evidence that HYIP's were fraudulent consolidate a constructive amendment of the indictment is meritless[1].

II.     Sufficiencies of Evidence as to the Element of Fraud

Although Defendant asserts that evidence of fraud was insufficient the record reflects that this claim is palpably without merit.

Brown lied about his wealth, his ownership and control of funds and his past experience in funding HYIP's, the materiality of which to prospective investors is obvious. The claim that misrepresentations as to the "escrow account" were immaterial because of the sophistication of the victims (Defendant's Memorandum of Law (p. 17) borders on the ludicrous. Brown's other claims of insufficiency or immateriality of evidence are predicated on his claim that he contracted only to provide "proof of funds", that he fulfilled this contract and had no other role or responsibility. The jury had little difficulty in recognizing how totally divorced from reality this claim was and there is no reason to upset the jury's determination that Brown intentionally defrauded the victims.

III.    Venue as to Count II

Brown asserts that venue was absent as to Count II because the wire transfer of the fraud proceeds went from Canada to Florida through New York and there was no

---

[1] Brown recognizes that the remedy for a constructive amendment is a new trial not a judgment of acquittal but argues that it is "inextricably intertwined with the sufficiency issues" he advances. Because we find the argument totally without merit we also deny Brown's application for release from custody pending an appeal based on a claim that he has set forth a "substantial appeal issue". Defendant Kenneth Brown's Memorandum of Law p. 10 fn. 18.

"processing" to support venue in this district. Defendant Memorandum of Law p. 20. In <u>United States</u> v. <u>Gilboe</u>, 684 F.2d 235, 239 (CA2 1982) the Second Circuit held when proceeds of fraud are transferred through New York in interstate or foreign commerce venue in New York is proper under 18 USC 3237(a). Further Brown ignores the fact that a telephone call between the defendant and one victim under this count took place while the Defendant was in this district.

IV. New Trial under Rule 33

Finally, Brown argues that "even if the Court determines that there was no constructive amendment and that the evidence was sufficient, the Court should grant a new trial pursuant to Rule 33, as the issues identified raise sufficient questions to warrant a new trial. Defendant also questions the credibility of two of the victim-witnesses. The Court rejects this application. The guilt of the Defendant evidenced in large part by his own statements and actions and was overwhelming as the jury promptly and correctly determined.

Motion denied in all respects.

Sentencing will take place on November 28, 2006 at 4:00 pm.

SO ORDERED:

Dated: New York, New York
October 11, 2006

_____
Leonard B. Sand
U.S.D.J.